**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-01031-GPG
(**The above civil action number must appear on all future papers
  sent to the court in this action.  Failure to include this number
  may result in a delay in the consideration of your claims.**)

**FELA J. FRAZIER**,

      Applicant,

v.

**RICK RAEMISCH**, Executive Director, Colorado Department of Corrections; and
**THE ATTORNEY GENERAL OF THE STATE OF COLORADO**,

      Respondents.

---

### ORDER DIRECTING PLAINTIFF TO FILE AMENDED APPLICATION

---

Applicant, Fela J. Frazier, is in the custody of the Colorado Department of

Corrections (CDOC) at the Sterling Correctional Facility in Sterling, Colorado.

Mr. Small initiated this action by filing a "Petition for Writ of Habeas Corpus by the

Habeas Corpus Act." (ECF No. 1).  He has paid the filing fee.

The Court reviews the Application liberally because Mr. Frazier is not

represented by counsel.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as

an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.   The Court has reviewed

the Petition and has determined that it is deficient.  For the reasons discussed below,

Mr. Frazier will be ordered to file an Amended Application using the court-approved

forms.

It is unclear what claims Mr. Frazier is raising in this action.  He appears to claim that COLO. REV. STATS. (C.R.S.) § 17-27.5-104 is an illegal bill of attainder in that it increases parolees sentences by adding a new charge of escape, when such conduct should be considered only a parole violation and not a separate criminal offense.

"Petitions under § 2241 are used to attack the execution of a sentence, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996), while a petition under § 2254 challenges the validity of a state court conviction or sentence.  *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).  If Mr. Frazier is challenging the validity of a state court conviction under C.R.S. § 17-27.5-104 , such claim must be asserted in a proceeding under 28 U.S.C. § 2254.  If he is challenging the execution of his sentence, he must pursue that claim under 28 U.S.C. § 2241.

Mr. Frazier is reminded that the Federal Rules of Civil Procedure apply to applications for habeas corpus relief.  *See* Fed. R. Civ. P. 81(a)(4).  Applicant must allege specific facts in support of each claim for relief to show a violation of his constitutional rights. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) ("the petition is expected to state facts that point to a 'real possibility of constitutional error,'" quoting Advisory Committee Note to Rule 4, Rules Governing Habeas Corpus Cases).  *See also* Fed. R. Civ. P. 8(a) (requiring that a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought.").

Mr. Frazier is also reminded that the proper Respondent in a habeas corpus action is the prisoner's current custodian – i.e., the warden of the facility where the

2

prisoner is incarcerated.  *See* 28 U.S.C. §2243 (stating that the writ "shall be directed to the person having custody of the person detained"); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).  Accordingly, it is

**ORDERED** that Applicant, Fela J. Frazier, file either a § 2241 Application or a § 2254 Application, on the proper court-approved form, that complies with the directives in this order **within thirty (30) days from the date of this order**.  Any papers that Applicant files in response to this order must include the civil action number on this order.  It is

**FURTHER ORDERED** that Mr. Frazier shall obtain a copy of the court-approved Applications for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and/or 28 U.S.C. § 2254, with the assistance of his case manager or the facility's legal assistant, at www.cod.uscourts.gov and shall use the form in filing the Amended Application.  It is

**FURTHER ORDERED** that, if Applicant fails to file an Amended Application that complies with this order **within thirty (30) days from the date of this order**, the application(s) may be dismissed, in whole or in part, without further notice.  The dismissal shall be without prejudice.

DATED May 15, 2015, at Denver, Colorado.

BY THE COURT:


  /s Gordon P. Gallagher
United States Magistrate Judge