**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-01031-GPG

**FELA J. FRAZIER**,

    Applicant,

v.

**JOHN CHAPDELAIN**, Warden, and
**THE ATTORNEY GENERAL OF THE STATE OF COLORADO**,

    Respondents.

---

**ORDER DIRECTING RESPONDENTS TO FILE PRELIMINARY RESPONSE**

---

    Applicant, Fela J. Frazier, currently is incarcerated at the Sterling Correctional Facility in Sterling, Colorado. Mr. Frazier, acting *pro se*, filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 4) alleging he is being held in violation of an illegal bill of attainder.

    As part of the preliminary consideration of the amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in this case and pursuant to *Keck v. Hartley*, 550 F. Supp. 2d 1272 (D. Colo. 2008), the Court has determined that a limited Preliminary Response is appropriate. Respondents are directed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d), exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) and procedural default. If Respondents do not intend to raise any of these affirmative defenses, Respondents must notify the Court of that decision in the Preliminary Response. Respondents may not file a dispositive motion as the Preliminary Response, or an

Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Preliminary Response, Respondents should attach as exhibits all relevant portions of the state court record, including but not limited to, copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted and/or procedurally defaulted his available state court remedies.

Applicant may reply to the Preliminary Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d), exhaustion of state court remedies and/or procedural default.  Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2241 action in this Court.  Accordingly, it is

**ORDERED** that **within twenty-one days from the date of this Order** Respondents shall file a Preliminary Response that complies with this Order.  It is

**FURTHER ORDERED** that **within twenty-one days of the filing of the Preliminary Response** Applicant may file a Reply, if he desires.  It is

**FURTHER ORDERED** that if Respondents do not intend to raise any of the affirmative defenses of timeliness, exhaustion of state court remedies or procedural default, Respondents must notify the Court of that decision in the Preliminary Response.

Dated:  July 2, 2015

                                            BY THE COURT:

                                            s/ Gordon P. Gallagher
                                            GORDON P. GALLAGHER
                                            United States Magistrate Judge