**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-01031-GPG

**FELA J. FRAZIER**,

    Applicant,

v.

**JOHN CHAPDELAIN**, Warden, and
**THE ATTORNEY GENERAL OF THE STATE OF COLORADO**,

    Respondents.

---

## ORDER TO DISMISS

---

Applicant, Fela J. Frazier, a state prisoner in the custody of the Colorado Department of Corrections, currently is incarcerated at the Sterling Correctional Facility in Sterling, Colorado. Applicant initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus. He currently is serving sentences for judgments of conviction imposed in El Paso County District Court cases 97CR2533, 97CR4633, 98CR109, and 07CR487.

On July 2, 2015, Magistrate Judge Gordon P. Gallagher directed Respondents to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents submitted a Pre-Answer Response on July 22, 2015 (ECF No. 9). Applicant has not filed a reply.

The Court must construe the Application liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not "assume the

role of advocate for the *pro se* litigant." *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the habeas corpus action because the claim raised has been procedurally defaulted.

## I. Relevant Factual and Procedural History

On August 2, 2007, Mr. Frazier was convicted by a jury in El Paso County District Court Case No. 07CR487 of escape, a class-three felony.  ECF No. 9-1.  The trial court also found that the prosecution had proved three habitual criminal counts and sentenced Mr. Frazier to the DOC for a term of forty-eight years.  *Id.*  Following an unsuccessful proportionality review of his sentence, Mr. Frazier filed an appeal on December 19, 2007, challenging only his sentence.  ECF No. 9-4 (opening brief in No. 07CA2478).  On July 7, 2011, the Colorado Court of Appeals affirmed, ECF No. 9-5 (*People v. Frazier*, No. 07CA2478 (Colo. Ct. App. July 7, 2011) (not published)).  On February 6, 2012, the Colorado Supreme Court denied *certiorari* review.  ECF No. 9-6.

On March 22, 2012, Mr. Frazier filed a postconviction motion pursuant to Rule 35 of the Colorado Rules of Criminal Procedure with the trial court.  In that motion, Applicant raised two claims:  that he was unlawfully charged with escape by the forgery of Mark Allison, his parole officer; and 2) that the trial transcript showed that his parole officer confessed that he forged the escape charge he was convicted of.  On April 5, 2012, the trial court denied the motion, ECF No. 9-3 (Order Regarding Petition for Postconviction Relief Pursuant to Crim. P. 35(c)).  Mr. Frazier did not appeal from the denial of the motion.  Instead, on April 13, 2012, he filed a second Colo. R. Crim. P. 35(c) postconviction motion.  ECF No. 9-1, p. 5.  It does not appear from the state court record that the trial court ruled on the motion.

On October 17, 2012, Applicant filed his first federal petition under 28 U.S.C. § 2254 in this Court in case 12-cv-02762-LTB. In that action, Applicant filed an amended application raising the single claim that his federal constitutional rights were violated when his parole officer allegedly forged the arrest warrant affidavit. This Court denied the application because applicant's claim was procedurally barred because he had failed to present his claim to all three levels of review in the Colorado courts in that he had failed to appeal the denial of his first postconviction moiton. Applicant did not appeal this Court's determination.

On August 8, 2014, applicant filed a third motion for postconviction relief in the Colorado state courts, ECF No. 9-1, p. 5. On August 15, 2014, the court denied the motion as untimely. *Id.* Applicant did not appeal this determination. A month before he filed the third motion, Applicant filed a state habeas petition in which he alleged that his sentence was imposed in an illegal manner and that his parole officer had made false statements in obtaining his arrest, ECF No. 9-7. The trial court denied the petition on July 23, 2014, because it was facially insufficient and addressed matters not appropriate for habeas corpus, ECF No. 9-8. After the 49-day appeals period had expired, on October 7, 2014, Applicant filed an original petition in the Colorado Supreme Court raising five claims all based on the factual allegation that his parole officer had forged the arrest affidavit, ECF No. 9-9. When Applicant failed to comply with the Supreme Court's order to cure deficiencies, ECF No. 9-11, the Court dismissed the action, ECF No. 9-12.

On May 13, 2015, Applicant filed his present Application under § 2254 in this action. This Court found that applicant appeared to be claiming that Colo. Rev. Stat. § 17-27.5-104 is an illegal bill of attainder because it increases parolees' sentences by adding a new

charge of escape instead of treating escape as a parole violation, ECF No. 3. Thereafter, Applicant filed an application under § 2241 asserting the single claim "that his]constitutional rights were violated due to the fact that the execution of his sentence stems from a [sic] illegal bill of attainder, statute CRS 17-27.5-104, when Mr. Frazier was placed under an attainded [sic] statute CRS 17-27.5-104 on 8-3-2006. His constitutional rights were violated due to the new offense that statute creates which would arise from a violation of a condition of statute created by legislation." ECF No. 4, p. 2. On July 2, 2015, this Court directed Respondents to file a preliminary response addressing the affirmative defenses of timeliness, exhaustion and procedural default. ECF No. 5.

On July 22, 2015, Respondents filed their preliminary response (ECF No. 9). Although he was given an opportunity to do so, Mr. Frazier has not filed a reply. For the reasons set forth below, the Amended Application will be dismissed because the claim has been procedurally defaulted.

## II. Procedural Requirements for Federal Habeas Corpus Review

Before this Court can address the merits of Applicant's claim, it is necessary to examine whether this Application fulfills the applicable procedural requirements under the federal habeas corpus statute.

A.  <u>Exhaustion Requirement</u>

The provisions of the federal habeas corpus statute at 28 U.S.C. § 2254(b) require a state prisoner to exhaust available state court remedies before seeking federal habeas corpus relief. To comply with the exhaustion requirement, a state prisoner first must have "fairly presented" his constitutional and federal law issues to the state courts through direct appeal, collateral review, state habeas proceedings, mandamus proceedings, or other

4

available procedures for judicial review in accordance with the state's procedural requirements.  *See, e.g.*, *Castille v. Peoples*, 489 U.S. 346, 351 (1989). To "fairly present" a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.  *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor*, 404 U.S. 270, 277-78 (1971).  Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." *Harless*, 459 U.S. at 6 (internal citations omitted).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (*per curiam*).  Nonetheless, even if a state court fails to consider the constitutional claim, it is exhausted as long as the state court had the opportunity to address it.

In addition, in order to exhaust his claims, a habeas corpus petitioner must "properly present" his claims to the state courts.  In this regard, a petitioner must invoke "one complete round" of the applicable State's appellate review process, thereby giving the courts of that State "one full opportunity" to resolve any issues relevant to such claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845(1999).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state

remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

B.      Procedural Default

Beyond questions of exhaustion, a federal court may be precluded from reviewing claims under the "procedural default doctrine." *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). Like the exhaustion requirement, the procedural default doctrine was developed to promote our dual judicial system and, in turn, it is based upon the "independent and adequate state law grounds" doctrine.

> It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment. In the context of federal habeas proceedings, the independent and adequate state ground doctrine is designed to ensure that the States' interest in correcting their own mistakes is respected in all federal habeas cases. When a petitioner fails to properly raise his federal claims in state court, he deprives the State of an opportunity to address those claims in the first instance and frustrates the State's ability to honor his constitutional rights. Therefore, consistent with the longstanding requirement that habeas petitioners must exhaust available state remedies before seeking relief in federal court, we have held that when a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review.

*Cone v. Bell*, 556 U.S. 449, 465 (2009) (internal quotations and citations omitted).

"A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . . For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." *Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted). *See also Dugger v. Adams*, 489 U.S. 401, 410, n. 6 (1989) (holding that a state rule is adequate to preclude federal habeas corpus review if it is applied by state courts in "the

vast majority of cases.").

Moreover, if a habeas applicant "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred ... there is a procedural default." *Coleman*, 501 U.S. 722 at 735 n.1; *see also Harris v. Reed*, 489 U.S. 255, 269–70 (1989); *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) (" 'Anticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it.") (citation omitted). Thus, if it is obvious that an unexhausted claim would be procedurally barred in state court, the claim is subject to an anticipatory procedural bar and is procedurally barred from federal habeas review. *See, e.g., Rea v. Suthers*, 402 F. App'x 329, 331 (10th Cir. 2010); *Burton v. Zavaras*, 340 F. App'x 453, 454 (10th Cir. 2009); *Williams v. Broaddus*, 331 F. App'x 560, 563 (10th Cir. 2009).

An applicant whose constitutional claims have not been addressed on the merits due to procedural default can overcome the default, thereby allowing federal court review, if he or she can demonstrate either: 1) "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law; or 2) failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Mr. Frazier's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Frazier must show that some objective factor external to the defense impeded his ability to comply with the relevant

procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Salazar*, 323 F.3d 852, 855 (10th Cir. 2003). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McClesky v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). If Mr. Frazier can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *see also United States v. Cervini*, 379 F.3d 987, 991-92 (10th Cir. 2004). A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

### III. Asserted Claim

Respondents argue that Mr. Frazier failed to satisfy the exhaustion requirement as to his asserted federal constitutional claim. In this regard, they assert that Applicant has never raised his bill of attainder claim in state court. Specifically, they contend that he did not raise it his direct appeal, he did not raise it in his first state postconviction motion, and he did not raise it in either of his state habeas petitions. Moreover, even if he did raise it in his habeas or postconviction motions, Applicant never appealed the disposition of any these proceedings. As such, he never invoked one complete round of Colorado's established appellate review process. *See Boerckel*, 526 U.S. at 845.

The time to appeal from the orders denying his postconviction motions and state habeas petitions has expired. *See* Colo. App. R. 4(b) (2011) (subsequently amended and

adopted December 14, 2011, effective July 1, 2012, to allow forty-nine days for appeal). Even if Mr. Frazier had raised the federal constitutional claim in the Colo. R. Crim. P. 35(c) postconviction motion he filed on August 8, 2014 the claim still would not be exhausted because it does not appear from the state court record that he appealed the denial of this motion, which was denied as untimely by the District Court. *See* ECF No. 9-1, at p 5.

Respondents further contend Mr. Frazier's claim is barred by the doctrine of anticipatory procedural default. As previously stated, Mr. Frazier allowed the time to appeal denying his postconviction motions and state habeas petitions to expire. A new Colo. R. Crim. P. 35(c) postconviction motion would be rejected as successive, an abuse of process and/or untimely. *See* Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought," subject to exceptions not applicable here); *see also People v. Rodriguez*, 914 P.2d 230, 252-55 (Colo. 1996).

As a result, the Court finds that Mr. Frazier's claim is procedurally defaulted. As stated previously, this federal court may not review his defaulted claim unless he demonstrates cause and prejudice for his default or establishes a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). To satisfy the cause standard, an applicant must demonstrate that some objective factor external to the defense impeded his or her efforts to raise the claim in state court. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Applicant has not established cause for defaulting his claim in state court. Moreover, to show prejudice, an applicant must demonstrate that the error worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions, not merely that the error created a

"possibility of prejudice." *Carrier*, 477 U.S. at 494. It is the defendant's burden to establish a reasonable probability of a different result. *Strickler v. Greene*, 527 U.S. 263, 291 (1999). Applicant has failed to establish the prejudice required to overcome his procedural default for failing to raise his claim in a proper and timely manner.

Finally, Applicant also has not demonstrated that a fundamental miscarriage of justice will result from the failure of this Court to review his claim. In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court explained the narrow class of cases implicating a fundamental miscarriage of justice. Specifically, the Court defined the miscarriage of justice exception by holding that a habeas petitioner is required to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 327 (quoting *Carrier*, 477 U.S. at 496). The Court instructed that "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Id.* at 324. The Court further explained that "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence. The petitioner thus is required to make a stronger showing than that needed to establish prejudice." *Id.* at 327.

The federal courts, including the Court of Appeals for the Tenth Circuit, are in agreement that, in order to show a fundamental miscarriage of justice under the *Schlup* standard, a petitioner must offer new or reliable evidence in support of his claim of factual innocence. *See, e.g.*, *Frost v. Pryor*, 749 F.3d 1212, 1231–32 (10th Cir. 2014); *Keller v. Larkins*, 251 F.3d 408, 415–16 (3d Cir. 2001); *Bannister v. Delo*, 100 F.3d 610, 624 (8th Cir.

1996), *cert. denied*, 521 U.S. 1126 (1997). Moreover, a claim of actual innocence must be based on new evidence suggesting "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Calderon v. Thompson*, 523 U.S. 538, 559 (1998) ("The miscarriage of justice exception is concerned with actual as compared to legal innocence.... To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial." (quotations omitted)). Applicant has failed to meet his burden in this regard.

Mr. Frazier does not allege cause or prejudice. Nor does he allege that lack of review by this court will constitute a fundamental miscarriage of justice. Consequently, his claim is foreclosed from habeas review. *Accord Frost v. Pryor*, 749 F.3d 1212, 1231–32 (10th Cir. 2014); *Brewington v. Miller*, 443 F. App'x 364, 368 (10th Cir. 2011).

### IV. Certificate of Appealability

Section 2253 of Title 28 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. In *Slack v. McDaniel*, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability

11

should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable that Petitioner has procedurally defaulted his claim. Accordingly, a certificate of appealability will be denied.

### V.  Conclusion

For the reasons set forth above, the amended habeas corpus application will be denied because the asserted claim is procedurally barred.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Frazier files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

**ORDERED** that the amended habeas corpus application (ECF No. 4) is **DENIED** and the action is **DISMISSED** because the asserted claim is procedurally barred. It is

**FURTHER ORDERED** that a certificate of appealability is **DENIED**. It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED** without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   21st   day of        August         , 2015.

BY THE COURT:

　　　　s/Lewis T. Babcock　　　　
LEWIS T. BABCOCK, Senior Judge
United States District Court